# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LAWRENCE LEE JONES,**

      **Plaintiff,**

**VS.**                                                    **Case No. 4:16cv170-MW/CAS**

**RICK SCOTT, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, initiated this case by filing a civil rights complaint under 42 U.S.C. § 1983.  ECF No. 1.  Along with the complaint, Plaintiff filed his motion for in forma pauperis status, ECF No. 2, which has been granted in a separate Order entered this day.  Plaintiff also filed four other motions, ECF Nos. 4-6, all of which must be considered in light of Plaintiff's complaint, which must be reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff's complaint is brought against Governor Rick Scott, Florida Attorney General Pam Bondi, Chief Financial Officer Jeff Atwater, Commissioner of Agriculture Adam Putnam, two Sheriffs (Arnold Lanice

and Susan Benton), two State Attorneys (Mack Ober and Bernie McCabe),

Quincy Chief of Policy Walter McNeil; and three members of the Florida

Parole Commission (Tena Pate, Melinda Coonrod, and Richard Davidson).

ECF No. 1.  The complaint is 75 pages in length, much of which provides a

detailed history of parole in Florida.  ECF No. 1 at 8-39.  Plaintiff also

provides his own parole history.  ECF No. 1 at 40-46.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a

complaint "must contain . . . a short and plain statement of the claim

showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "Rule

8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is

and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555, 127 S.Ct. 1955, 1964 (2007) (quotation marks and alterations

omitted) (quoted in Lacroix v. W. Dist. of Kentucky, No. 14-15276, 2015 WL

5673018, at *1 (11 Cir. Sept. 28, 2015)).  "Further, the allegations in the

complaint 'must be simple, concise, and direct,' FED. R. CIV. P. 8(d)(a), and

the complaint must 'state its claims . . . in numbered paragraphs, each

limited as far as practicable to a single set of circumstances,' FED. R. CIV.

P. 10(b)."  Lacroix, 2015 WL 5673018, at *2.  Plaintiff's complaint does not

comply with Rule 8(a) or Rule 10(b).  A complaint should not set forth

detailed history, but detailed facts concerning a present injury which supports a request for relief.

Plaintiff's complaint generally challenges parole in the State of Florida and alleges that Defendants Scott, Bondi, Atwater and Putnam violated his "due process rights by arbitrarily appointing bias parole qualification committee members . . . ." ECF No. 1 at 56. Plaintiff contends such members are biased because they have previously served as state attorneys or law enforcement officials. *Id.* at 56-57. He alleges Defendants Ober, Lanice, Benton, McCabe, and McNeil violated his due process rights by the manner in which they screened and selected applicants to be referred to the Governor and Cabinet for appointment. *Id.* Plaintiff then contends that Defendants Pate, Coonrod, and Davidson violated his due process rights by permitting victim input and fundamentally altering the way prisoners are reviewed and considered for parole release. *Id.* at 58.

First, prior experience in a particular field does not, in and of itself, demonstrate bias. Plaintiff's conclusory assertions on that point are not sufficient to state a claim. Second, Plaintiff's challenge to the parole decision process, appointment of the members to the Parole Commission, or guidelines and procedures utilized by the Commission in deciding who is

Case No. 4:16cv170-MW/CAS

entitled to parole and who should be denied parole, was long ago settled in the Eleventh Circuit.  Florida's parole system leaves the decision of whether or not to grant parole "to the discretion of the [Parole] Commission . . . ."  Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986) (citing Moore v. Florida Parole & Probation Comm'n, 289 So. 2d 719 (Fla. 1974)).  "There is no constitutional right to parole in Florida."  Jonas, 779 F.2d at 1577 (citing Hunter v. Florida Parole & Probation Comm'n, 674 So. 2d 847, 848 (11th Cir. 1982)).[1]

In Hunter, the Eleventh Circuit rejected a claim that the Commission improperly calculated a presumptive parole release date and violated due process, holding that because there was no liberty interested in parole, there was no due process violation.  Hunter, 674 F.2d at 848.  More recently, the Eleventh Court reiterated that "Florida's parole system does not create a protected liberty interest in parole because the Parole Commission always has discretion over whether to grant or deny parole."  Thorne v. Chairperson Florida Parole Comm'n, 427 F. App'x 765, 771 (11th Cir. 2011).

---

[1] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right."  FLA. STAT. § 947.002(5).

Conviction of a crime constitutionally extinguishes a prisoner's right to liberty for the duration of the lawfully imposed sentence.  <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) (finding "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.") (citing <u>Meachum v. Fano</u>, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)).  A state may create a protected liberty interest in parole by enacting statutes which include mandatory language, giving prisoners a reasonable expectation that he will be released if certain criteria are met.  <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373-76, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987).  The State of Florida has not done so. <u>Walker v. Florida Parole Comm'n</u>, 299 F. App'x 900, 902 (11th Cir. 2008) (finding that "the Florida statutes do not create a liberty interest in parole"). Because Plaintiff does not have a protected liberty interest in parole, all of the due process challenges are insufficient and those claims should be dismissed.

Plaintiff also attempts to bring ex post facto claims concerning parole. Prior cases have not been successful, to the degree the claim is based on changes to the parole decision making process.  In <u>Paschal v. Wainwright</u>,

738 F.2d 1173 (11th Cir. 1984), the court considered an ex post facto

challenge to the 1978 Parole Act which changed the manner in which the

Commission exercises its discretion.  The court held that both before and

after the 1978 Act,[2] the decision about whether or not to grant parole was

within the ultimate discretion of the Parole Commission.  Paschal, 738 F.2d

at 1179-80.  Procedural changes in how the Commission exercises its

discretion is not a viable ex post facto claim as Paschal has been

consistently followed.  See Damiano v. Florida Parole and Prob. Comm'n,

785 F.2d 929, 933 (11th Cir.1986); Johnson v. Wainwright, 772 F.2d 826,

827 (11th Cir. 1985); Jones v. Georgia State Bd. of Pardons and Paroles,

59 F.3d 1145, 1150 (11th Cir. 1995).  Johnson discussed the holding in

Paschal as follows:

> The guidelines have clarified the commission's exercise of its
> discretion.  The commission has created a system by which it
> attempts to use its discretion in a more uniform manner than
> previously.  The substantive power of the commission remains
> unchanged; only the manner in which it exercises this power
> has been altered.

Johnson, 772 F.2d at 827 (citing Paschal, 738 F.2d at 1179).  A change

that merely alters the Parole Commission's determination of an inmate's

---

[2] Before the change, decisions were made on an "ad hoc basis," and afterwards, "objective guidelines" were utilized.  Paschal, 738 F.2d at 1178.

parole suitability is not violative of the Ex Post Facto Clause because it neither works to an inmate's detriment nor constitutes "a criminal or penal law." Kelly v. Southerland, 967 F.2d 1531, 1532 (11th Cir. 1992) (citing Dufresne v. Baer, 744 F.2d 1543, 1547 (11th Cir. 1984), *cert. denied*, 474 U.S. 817 (1985)).

Plaintiff has, however, also alleged an ex post facto claim concerning the change in frequency of review. ECF No. 1 at 59-60. Although Plaintiff's complaint is long on conclusions and short on specific facts, he generally asserts that extending his presumptive parole release date hearings from 5 years to 7 years rather than every 2 years violates the Ex Post Facto Clause. *Id.*

Plaintiff has not cited to a specific statute but, instead, points to amendments spanning from 1986 through 2015. *See* ECF No. 1 at 60. Claims concerning statutory changes in 1978, 1986, 1997, and the like are barred by the four year statute of limitations. In Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003), a state prisoner brought suit pursuant to 42 U.S.C. § 1983 asserting that the retroactive application of a new Georgia parole policy violated the Ex Post Facto Clause. The period of limitations was two years under Georgia law and the prisoner had been notified by officials in

1998, that he would not be considered for parole until 2006. The court

held: "As of that time he knew, or should have known, all of the facts

necessary to pursue a cause of action . . . ." 327 F.3d at 1183. Here,

Plaintiff has not provided enough specific facts to pin-point the focus of his

ex post fact challenge. It is not known which statute or which amendment

forms the basis of his claim, but it appears that most of Plaintiff's claims

would be barred by the statute of limitations and the instant complaint is

insufficient to proceed as filed. *See* Jones v. Florida Parole Comm'n, 787

F.3d 1105, 1107 (11th Cir. 2015) (holding that prisoner "did not challenge

the first increase, to five years, when it took effect in 2001, and the statute

of limitations has run on any challenge to that increase.").

Additionally, the Supreme Court has held that "a change in parole

procedures violates the Ex Post Facto Clause only if it creates a sufficient

risk that offenders will actually serve more time in prison." Morales v. Cal.

Dep't of Corr., 16 F.3d 1001 (9th Cir. 1994) (cited in Jones, 787 F.3d at

1108); *see also* Garner v. Jones, 529 U.S. 244, 120 S.Ct. 1362, 146

L.Ed.2d 236 (2000). The Eleventh Circuit has recently held that FLA. STAT.

§ 947.174 which increased the permissible interval between parole

interviews to 7 years is constitutional.  Jones, 787 F.3d at 1108-09.

Plaintiff's ex post facto challenge is insufficient to state a claim.

Nevertheless, Plaintiff should be provided an opportunity to submit an amended ex post facto claim if there is a basis to do so, and if the events are within the statute of limitations.  Plaintiff must be specific, providing a clear statement of facts rather than legal conclusions, and citing to a specific statute.

Plaintiff has also attempted to bring an equal protection claim. Plaintiff has identified one white prisoner who Plaintiff contends was treated more favorably in parole decisions.  ECF No. 1 at 62-63.  A "class of one" equal protection claim is an "onerous task."  Leib v. Hillsborough Cty. Pub. Transp. Comm'n, 558 F.3d 1301, 1307 (11th Cir. 2009).  That task is not met by presenting bare conclusory allegations.  *Id.*  This claim is also insufficient as pled.

Plaintiff also seeks to include a multitude of state law claims in this action.  ECF No. 1 at 64-70.  Unless Plaintiff has a viable federal claim, those state law claims should not be considered.

Finally, Plaintiff's complaint is insufficient as filed because it is not signed.  ECF No. 1 at 75-76.  Every pleading must be signed.  FED. R. CIV.

P. 11(a).  Although the complaint may be stricken when unsigned pursuant to Rule 11, considering the lack of a viable federal constitutional claim in the complaint as filed, there is no need to have Plaintiff simply re-file the same complaint.  The complaint is insufficient to state a claim.

Having reviewed the complaint, Plaintiff's motions must also be considered.  Plaintiff moved for class certification under Rule 23.[3]  ECF No. 3.  A prerequisite for class action certification is a finding that the representative party "will fairly and adequately protect the interests of the class."  FED. R. CIV. P. 23(a)(4).  It is well established that a pro se prisoner plaintiff cannot be an adequate class representative and "represent his fellow inmates in a class action."  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Bass v. Benton, 408 F. App'x 298, 299 (11th Cir. 2011); Howard v. Pollard, 814 F.3d 476, 478 (7th Cir. 2015); *see also* Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972).  "[T]he competence of a layman is 'clearly too limited to allow him to risk the rights of others.'"  Oxendine, 509 F.2d at 1407 (quoted in Fymbo v. State Farm

---

[3]  A pretrial matter such as a request "to permit maintenance of a class action" must be disposed of through proposed findings and recommendations.  28 U.S.C. § 636(b).

Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)).  Plaintiff's motion

for class action certification, ECF No. 3, should be denied.

Plaintiff also filed a motion requesting the appointment of counsel to

protect the rights of the class.  ECF No. 4.  That motion should also be

denied for several reasons.  First, the complaint fails to state a due process

claim and it is unlikely that viable equal protection or ex post facto claims

can be alleged on behalf of a class.  Second, a motion requesting the

appointment to represent a class under Rule 23(g) "is not to enable pro se

plaintiffs to obtain recruited counsel in conjunction with class certification;

the purpose of the rule is to ensure that the proposed class counsel is

adequate."  Howard, 814 F.3d at 478.  Plaintiff has not indicated that he

has made any effort to retain counsel, and no specific qualified attorney

has been suggested.  *See* FED. R. CIV. P. 23(g)(1).  The motion should be

denied.

Plaintiff has requested leave to deviate from the requirements of Rule

5.7 which requires pro se plaintiffs to submit § 1983 complaints on forms

provided by the Clerk of this Court.  N.D. Fla. Loc. R. 5.7(A).  Should

Plaintiff decide to submit an amended complaint in this case, Plaintiff

should be required to use the complaint form, which may be supplemented

with additional pages stating the facts.  The form is neither "inadequate or impractical in this particular case."  ECF No. 5 at 2.  This motion should be denied.

Plaintiff's final motion requests leave to exceed the page limit of his complaint.  ECF No. 6.  Considering that the initial complaint was in excess of 70 pages, and the motion was submitted with the complaint, the motion should be granted.  However, if this Report and Recommendation is adopted and Plaintiff is permitted to file an amended complaint, Plaintiff should be limited to 25 pages as required by Rule 5.7(B).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), but that Plaintiff be given leave to file an amended complaint on his own behalf in compliance with this Report and Recommendation; that the motion for class action certification, ECF No. 3, be **DENIED**; the motion for appointment of counsel, ECF No. 4, be **DENIED**; the motion for leave to deviate from Local Rule 5.7, ECF No. 5, be **DENIED**; and the motion for leave to exceed the page limited, ECF No. 6, be **GRANTED** for the limited

Case No. 4:16cv170-MW/CAS

purpose of filing the initial complaint but otherwise **DENIED** to the extent

Plaintiff may submit an amended complaint.  It is further **RECOMMENDED**

that this case be **REMANDED** for further proceedings.

      **IN CHAMBERS** at Tallahassee, Florida, on May 19, 2016.


     s/     Charles A. Stampelos        
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this Report and Recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**