# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LAWRENCE LEE JONES,**

   **Plaintiff,**

**VS.**                                                    **Case No. 4:16cv170-MW/CAS**

**MELINDA N. COONROD, et al.,**

   **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION[1]

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed a fifth amended civil rights complaint under 42 U.S.C. § 1983. ECF No. 41. Service was directed, ECF No. 42, and Defendants filed an amended motion to dismiss. ECF No. 45. Plaintiff was advised of his obligation to respond to the motion, ECF No. 46, and discovery was stayed pending resolution of this motion. ECF No. 50. Plaintiff's response in opposition to the motion to dismiss, ECF No. 54, was timely filed. The motion is ready for a ruling.

---

[1] The first Report and Recommendation, ECF No. 9, was entered sua sponte to dismiss Plaintiff's initial complaint, ECF No. 1, but Plaintiff was permitted to file an amended complaint. *See* ECF Nos. 9, 10, 16, and 17.

Plaintiff's fifth amended complaint [hereinafter "complaint"], ECF No. 41, is brought against five Defendants, all of whom are either current or former members of the Florida Parole Commission ["Commission"]. Plaintiff sues Defendants Davison and Wyant in their official capacities, Defendants Pate and Cohen in their individual capacities, and Defendant Coonrod is sued in both her individual and official capacities.  ECF No. 41 at 8.  Plaintiff claims Defendants violated his due process rights and that the retroactive application of FLA. STAT. § 947.06, § 947.173, § 947.174, and § 960.001 in 2013 violated the Ex Post Facto clause.  *Id.* at 17. Plaintiff also asserted state law claims which mirror the federal claims.  *See* ECF No. 41 at 22-23.

Plaintiff alleges he was denied the right to proper parole consideration by a neutral decision maker, free from bias and prejudice.  *Id.* at 22.  He contends the Defendants acted in an arbitrary manner and flagrantly refused to consider certain evidence.  *Id.* at 22-23.  He also claims the Defendants "failed to articulate with specificity the reasons" supporting their parole decisions.  *Id.* at 23.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to

FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be

granted is whether the plaintiff has alleged enough plausible facts to

support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127

S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v.

Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting

Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[2]  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct

alleged."  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also*

Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).

"The plausibility standard" is not the same as a "probability requirement,"

---

[2] A complaint's allegations must be accepted as true when ruling on a motion to
dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert.
denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's
disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, (quoting
Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966).  The requirements of Rule 8 do "not unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting Twombly,  550 U.S., at 555, 127 S.Ct. 1955).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6).  Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950.  The first consideration is whether the complaint presents "well-pleaded factual allegations" which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth."  *Id.* at 679, 129 S.Ct. at 1950.  If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief."  *Id.*  If so, a motion to dismiss should be denied.  *Id.*, at 680, 129 S.Ct. at 1950-51 (citations omitted).

**THE COMPLAINT**

Plaintiff alleges that he was "convicted and sentenced in February 1981" to a term of 198 years for kidnapping and sexual battery.  ECF No. 41 at 13.  He alleges that he was "parole eligible"[3] and in June 1981, he was initially given a presumptive parole release date (PPRD) of 2006.  *Id.* Over the years, his PPRD was extended to 2034 due to "unsatisfactory" conduct in prison (disciplinary reports).  *Id.*  In late 2013, Plaintiff's PPRD was extended again and his next parole interview was set for 7 years in the future.  *Id.* at 13-15.

Plaintiff raises numerous challenges to the parole review process. He claims the parole examiner (who is not a Defendant in this case) included "irrelevant, unauthorize[d] information" concerning the underlying criminal offense, and claims that parole hearings should be limited to "new information" and should not re-examine the offense.  *Id.* at 14.  Plaintiff also claims that the Defendants "refused or failed to review and consider the plaintiff's positive parole prognosis, mitigating factors and exceptional

---

[3] "In 1983, Florida abolished parole for most new crimes."  <u>Jones v. Florida Parole Comm'n</u>, 787 F.3d 1105, 1107 (11th Cir. 2015) (citing Ch. 83-87, Laws of Fla. (1983)). "But offenders who, like Mr. Jones, committed crimes before that time remain eligible for parole."  <u>Jones</u>, 787 F.3d at 1107.  The plaintiff in that case was Ben E. Jones, not the Plaintiff in this case, Lawrence Lee Jones.

circumstances" which were submitted by the parole examiner. *Id.* He claims the Defendants should not have considered two disciplinary reports which he contends were procedurally flawed. *Id.* at 14-15. Plaintiff argues that several of the findings of the Commission were incorrect. *Id.* at 15. For example, he contends he "does not have a[n] escalating patten [sic] of criminal conduct," he questions the finding of "physical and psychological trauma," and denies that he has multiple offenses. *Id.* Plaintiff also claims the does not have unsatisfactory institutional conduct in the absence of the two disciplinary reports which he claims are flawed. *Id.* He contends "there are no facts or records in [his] files that [show] he is a danger or a risk" if paroled. *Id.*

Plaintiff also claims that 1988 amendments to the parole statutes "created and implemented a" parole entity that is biased and prejudiced because of the use of the Victim Advocate Service. ECF No. 41 at 9. He also alleges that the Commission is biased and partial because Defendant Pate is "an ex-state attorney" and "has held positions as victims rights coordinator. *Id.* at 10-11. Further, he alleges that Defendant Coonrod is biased and prejudiced because she is "an ex-state prosecutor" and is active in "many victims advocate organizations." *Id.* at 11-12.

**ANALYSIS**

Defendants contend that Plaintiff's complaint fails to state a claim because he presented conclusory allegations unsupported by specific facts.  ECF No. 45 at 6-7.  Defendants argues that Plaintiff's complaint demonstrates only "that Plaintiff is unhappy with his unfavorable parole disposition."  *Id.* at 6.  In that light, Defendants correctly point out that Plaintiff has only alleged in conclusory fashion that Defendants Coonrod and Pate[4] are biased and partial.  *Id.* at 9.  Plaintiff's response to the motion to dismiss reiterates his claims from the complaint, but points to no specific allegations of personal bias or prejudice against him by any Defendant.  *See* ECF No. 53.  Prior experience in a particular field does not, in and of itself, demonstrate bias.  Plaintiff's complaint is long on conclusions, but short on facts.  There are no facts which reveal that any Defendant has a bias against Plaintiff.

Defendants also assert that the complaint "fails to state a plausible claim that the Defendants violated Plaintiff's due process rights."  ECF No.

---

[4] Contrary to Plaintiff's allegations, Defendant Pate advises that she "is not an attorney, and therefore has never worked as an assistant state attorney."  ECF No. 45 at 9, n.3.

Case No. 4:16cv170-MW/CAS

45 at 7.  Defendants seek dismissal of all Plaintiff's asserted due process

violations, including permitting input from victims and families.  *Id.* at 7-8.

Such due process claims were settled long ago in the Eleventh

Circuit.  "As a general rule, in order to sustain a procedural due process

violation, one must have a liberty interest created by the United States

Constitution or by a state."  Walker v. Florida Parole Comm'n, 299 F. App'x

900, 901-02 (11th Cir. 2008) (citing Monroe v. Thigpen, 932 F.2d 1437,

1441 (11th Cir. 1991)).  Florida's parole system leaves the decision of

whether or not to grant parole "to the discretion of the [Parole] Commission

. . . ."  Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*,

479 U.S. 830 (1986) (citing Moore v. Florida Parole & Probation Comm'n,

289 So. 2d 719 (Fla. 1974)).  "There is no constitutional right to parole in

Florida."  Jonas, 779 F.2d at 1577 (citing Hunter v. Florida Parole &

Probation Comm'n, 674 So. 2d 847, 848 (11th Cir. 1982)).[5]  Thus,

prisoners do not have a liberty interest either in parole or "in the calculation

of Florida's 'presumptive parole release date' even though it is binding on

the Commission, because the ultimate parole decision is a matter of

---

[5] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right."  FLA. STAT. § 947.002(5).

Commission discretion."  Walker, 299 F. App'x at 902 (citing Damiano v.

Florida Parole & Probation Comm'n, 785 F.2d 929, 932 (11th Cir.1986)).

In Hunter, the Eleventh Circuit rejected a claim that the Commission

improperly calculated a presumptive parole release date and violated due

process, holding that because there was no liberty interested in parole,

there was no due process violation.  Hunter, 674 F.2d at 848.  More

recently, the Eleventh Court reiterated that "Florida's parole system does

not create a protected liberty interest in parole because the Parole

Commission always has discretion over whether to grant or deny parole."

Thorne v. Chairperson Florida Parole Comm'n, 427 F. App'x 765, 771 (11th

Cir. 2011).  Conviction of a crime constitutionally extinguishes a prisoner's

right to liberty for the duration of the lawfully imposed sentence.

Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99

S.Ct. 2100, 60 L.Ed.2d 668 (1979) (finding "[t]here is no constitutional or

inherent right of a convicted person to be conditionally released before the

expiration of a valid sentence.") (citing Meachum v. Fano, 427 U.S. 215,

224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)).  A state may create a

protected liberty interest in parole by enacting statutes which include

mandatory language, giving prisoners a reasonable expectation that he will

be released if certain criteria are met. <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373-76, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). The State of Florida has not done so. <u>Walker</u>, 299 F. App'x at 902. "[T]he ultimate parole decision remains committed to the Commission's discretion." <u>Paschal v. Wainwright</u>, 738 F.2d 1173, 1178 (11th Cir. 1984). "[P]arole is purely a matter of grace in Florida." <u>Paschal</u>, 738 F.2d at 1177, n.6. Thus, Plaintiff does not have a protected liberty interest in parole.

"Where there is no liberty interest in parole, 'the procedures followed in making the parole determinations are not required to comport with the standards of fundamental fairness.'" <u>O'Kelley v. Snow</u>, 53 F.3d 319, 321 (11th Cir. 1995) (quoted in <u>Walker</u>, 299 F. App'x at 902). "However, a limited exception to this rule exists when there is 'flagrant or unauthorized action' by the Board." <u>Monroe</u>, 932 F.2d at 1441 (quoted in 299 F. App'x at 902). Here, Plaintiff made conclusory allegations of "flagrant" action, but those allegations are not supported by facts which support his claims. For example, Plaintiff alleged that Defendants "arbitrarily, flagrantly refused or failed to review and consider" his mitigating factors. ECF No. 41 at 14. That, however, is a legal conclusion; it is not a statement of facts.

Another viable due process claim which may proceed in a parole challenge is when a prisoner alleges that the Parole Commission relied "on admitted false information." Monroe, 932 F.2d at 1442; Walker, 299 F. App'x at 902. However, it is insufficient to simply assert "that erroneous information might have been used during their parole consideration." Walker, 299 F. App'x at 902 (citing Slocum v. Georgia State Bd. of Pardons and Paroles, 678 F.2d 940 (11th Cir. 1982)). There must be specific facts presented which support that legal claim.

Here, the only falsities alleged by Plaintiff are that Defendants set his next hearing in seven years based on a number of factors which he claims were either wrong, or not supported. ECF No. 41 at 15. Plaintiff disputes the finding that had an "escalating pattern of criminal conduct." ECF No. 41 at 15. However, that is conclusory and unexplained. As for the issue of physical and psychological trauma, Plaintiff questions what "facts or records" were presented to show]t"hat the victim suffer[ed] physical or psychological trauma." *Id.* However, questioning the evidence relied on is not the same as pointing to erroneous information.

Furthermore, Plaintiff's conclusory assertion that his "crime was a single crime" episode, *see id.*, is not controlling. Plaintiff's attachment to

his response reveals there were separate offenses because he was convicted of both kidnapping and sexual battery.  ECF No. 53-1 at 6. Although events may happen on the same day, "it is possible for a single criminal act or conspiracy to give rise to multiple separate offenses." Hudgins v. Wainwright, 530 F. Supp. 944, 947 (S.D. Fla. 1981), *aff'd*, 715 F.2d 578 (11th Cir. 1983) (citing Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958) (defendant convicted and received consecutive prison terms for three separate offenses arising out of single narcotics sale).

Finally, Plaintiff challenges consideration of his two disciplinary reports which he asserts were procedurally flawed, but that falls considerably short of alleging that Defendants knowingly relied on false information.  To the contrary, Plaintiff has not shown that the disciplinary reports have been overturned or reversed and, thus, his challenge to their consideration in his parole hearings lacks merit.  Plaintiff was issued two disciplinary reports,[6] one in 2011 and one in 2012, and those are sufficient

---

[6] To the extent Plaintiff now seeks to additionally challenge the disciplinary reports and claim that he was denied due process during the disciplinary proceedings, *see* ECF No. 53 at 18, that claim cannot proceed in this case.  The Defendants had no involvement in the disciplinary reports, such claims are time barred, and because Plaintiff did not lose gain time, *see* ECF No. 53-1 at 6, he did not have a protected

to support a finding of unsatisfactory institutional conduct. Accordingly,

Plaintiff has not shown that erroneous information was relied upon by the

Defendants. Moreover, because Plaintiff does not have a protected liberty

interest in parole, all of his due process challenges are insufficient. The

motion to dismiss should be granted as to these claims.

Defendants also raise quasi-judicial immunity in defense of Plaintiff's

request for nominal damages as relief. ECF No. 45 at 10-11; *see* ECF No.

41 at 25. Defendants correctly claim that "these Defendants cannot be

sued for damages based on their parole decisions." *Id.* at 11. Plaintiff

concedes as much, ECF No. 53 at 19-20, but contends that such immunity

does not bar his request for nominal damages.

It is well settled that the Defendants who are sued in their official

capacities are entitled to Eleventh Amendment immunity. Thorne v.

Chairperson Florida Parole Comm'n, 427 F. App'x 765, 769 (11th Cir.

2011); Merritt v. Florida Parole Comm'n, No. 4:08cv126-RH/WCS, 2009

WL 4403323, at *1 (N.D. Fla. Dec. 1, 2009). Plaintiff's request for nominal

damages does not survive an assertion of Eleventh Amendment immunity.

The Eleventh Amendment bars any monetary damage against the State,

---

liberty interest.

Case No. 4:16cv170-MW/CAS

including both compensatory and punitive damages, as well as nominal

damages.  *See* Arizonans for Official English v. Arizona, 520 U.S. 43, 69,

117 S. Ct. 1055, 1069-70, 137 L. Ed. 2d 170 (1997) (noting that "[t]he State

of Arizona expressly waived its right to assert the Eleventh Amendment as

a defense to the award of nominal damages," but holding "that § 1983

actions do not lie against a State.") (citing Will v. Michigan Dept. of State

Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989)).

To the degree Defendants are sued in their individual capacities as

state parole commission members for monetary damages, well established

case law holds that they are entitled to "absolute quasi-judicial immunity."

Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005); Fuller v. Georgia

State Bd. of Pardons & Paroles, 851 F.2d 1307, 1310 (11th Cir. 1988)

(citing Cruz v. Skelton, 502 F.2d 1101, 1101-02 (5th Cir. 1974)); *see also*

Sultenfuss v. Snow, 894 F.2d 1277, 1278-79 (11th Cir. 1990).  Such

immunity also insulates the Defendants from Plaintiff's request of nominal

damages.  The motion to dismiss should be granted as to Plaintiffs request

for an award of monetary damages.

Defendants also seek dismissal of Plaintiff's ex post facto claims.

ECF No. 45 at 11-16.  They argue that Plaintiff has not alleged facts

showing that the challenged statutes "impose greater punishment" on him or *Id.* at 14-16.  Defendants contend that Plaintiff has also not shown that extending the time between parole hearings has increased the risk that he would serve more time in prison.  *Id.* at 13-14.

Furthermore, Defendants argue that Plaintiff's ex post facto claims are barred by Florida's statute of limitations.  *Id.* at 16-17.  Defendants advise that § 947.174(1)(b) was amended in 2010 to permit "the Commission to reduce the frequency of parole hearings to every seven years."  *Id.* at 17.  However, they assert that "Plaintiff did not bring this action within four years of any relevant amendments to" the challenged statutes.  *Id.* at 16-17.

Plaintiff responds by pointing out that Defendants considered his suitability for parole in August 2013.  It was in that August hearing that his subsequent parole hearing was set for 7 years in the future rather than in 5 years.  ECF No. 53 at 20.  Plaintiff states that he did not learn of that action until early September 2013.  *Id.* at 20-21.  Thus, Plaintiff argues that he presents a viable ex post fact claim which is not time barred.  *Id.* at 21 (citing to Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003)).

In <u>Lovett</u>, a state prisoner brought suit pursuant to 42 U.S.C. § 1983 asserting that the retroactive application of a new Georgia parole policy violated the Ex Post Facto Clause.  The period of limitations was two years under Georgia law and the prisoner had been notified by officials in 1998, that he would not be considered for parole until 2006.  <u>Lovett</u>, 327 F.3d at 1182.  However, the prisoner "did not file his complaint until August 10, 2001, more than two years later."  327 F.3d at 1182-83.  The Eleventh Circuit held that "[a]s of that time he knew, or should have known, all of the facts necessary to pursue a cause of action . . . ."  327 F.3d at 1183.

<u>Lovett</u> pins the start of the limitations period on "when the offender learns of the change, not the date of parole consideration."  ECF No. 53 at 21.  Thus, in the absence of facts which demonstrate that Plaintiff was advised prior to his hearing that the amended statutes would be applied to him retroactively, the relevant date is when Plaintiff learned of the parole decision.  <u>Neelley v. Walker</u>, 67 F. Supp. 3d 1319, 1325-26 (M.D. Ala. 2014) (rejecting argument that change in law triggers running of the statute of limitations).

In <u>Neelley v. Walker</u>, the Middle District of Alabama noted that the standard in this Circuit "is that the statute of limitations begins to run once

'the facts which support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights' - not when the rules concerning a plaintiff's parole eligibility change." 67 F. Supp. 3d at 1325 (citing Lovett, 327 F.3d at 1182; McNair v. Allen, 515 F.3d 1168, 1174-75 (11th Cir. 2008) (considering when statute of limitations begins to run on challenge to method of execution); Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006); and Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003)). The court noted that "[w]hen determining whether facts were apparent or should have been apparent to a plaintiff to justify the running of the statute of limitations, a court may 'impute[ to the plaintiff] constructive, rather than actual, knowledge' of the alleged constitutional violation." Neelley, 67 F. Supp. 3d at 1326 (quoting Williams v. City of Tampa Police Dep't, 216 Fed.Appx. 915, 916 (11th Cir. 2007)). Yet imputing knowledge would not be proper absent some showing that the facts "were apparent or should have been apparent" to Plaintiff. 67 F. Supp. 3d at 1326.

In this case, the primary statute Plaintiff challenges[7] provides that a parole "interview shall take place once within 7 years after the initial interview and once every 7 years thereafter if the commission finds that it is not reasonable to expect that parole will be granted at a hearing during the following years and states the bases for the finding in writing."  FLA. STAT. § 947.174(1)(b).  Plaintiff alleges an ex post facto violation based on the change in frequency of his parole reviews.  ECF No. 41 at 18-19.

A controlling factor in resolving this claim is determining when Plaintiff knew, or should have known, that the Commission would apply the statutory changes and delay his parole review hearings.  In Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259, 1260 (11th Cir. 2003), the Eleventh Circuit considered a Georgia prisoner's ex post facto challenge to rules which deferred parole hearings for up to eight years for certain prisoners.  At the time of Brown's conviction, the rules required the Board to reconsider a prisoner for parole every three years.  Brown, 335

---

[7] To the degree Plaintiff challenges statutes which permit consideration of victim impact statements and the like, those claims lack merit.  It is well established that changes which simply alter the Parole Commission's considerations for parole suitability do not violate the Ex Post Facto Clause because they neither work to an inmate's detriment nor constitute "a criminal or penal law."  Kelly v. Southerland, 967 F.2d 1531, 1532 (11th Cir. 1992).

F.3d at 1260.  Brown was denied parole in 1989 and again in 1992.  *Id.*
Subsequent changes permitted delaying the next parole reconsideration
hearing "for up to eight years."  *Id.*  When Brown was denied parole again
in 1995, his next date was set for 2001.  *Id.*  Thereafter, when denied
parole again in 2001, his next hearing was set for 2007.  *Id.*

Brown argued that his claims were not barred by the statute of
limitations and claimed the time did not begin to run until "he was informed
that his parole reconsideration hearing would not be until 2007."  335 F.3d
at 1261.  The Court, however, rejected that argument, finding that Brown
knew as early as "1995 that his parole reconsideration would not be until
2000."  *Id.*  The Court found that "Brown was aware that his parole
reconsideration was being held outside the three-year maximum that was
mandated by the Georgia Parole Board policy that was in place at the time
he committed his crime."  *Id.*  Thus, in finding Brown's claims were time
barred, the Court held that it "'should have been apparent' to Brown at
[that] time that future parole reconsiderations would be held outside the
three-year period."  *Id.*

Here, the determining factor which impacts this issue was neither
alleged by Plaintiff in the fifth amended complaint nor explained by

Defendants.  Nevertheless, judicial notice is taken of Plaintiff's original

complaint, ECF No. 1.  There, Plaintiff gave a history of parole in the State

of Florida while also alleging his own history of parole reviews.

Plaintiff said that in 1997, the Florida legislature amended

§ 947.174(1)(b) and provided for parole hearings "once every 5 years" if it

"is not reasonable to expect that parole will be granted at a hearing during

the following years . . . ."  ECF No. 1 at 25 (quoting FLA. STAT.

§ 947.174(1)(b)).  Plaintiff said that additional amendments in 2010

increased the time between hearings to 7 years.  *Id.* at 25-26.

Plaintiff alleged that in 2003, his PPRD was set for 2026, having been

extended by 24 months due to four disciplinary reports.  ECF No. 1 at 40-

41.  Moreover, Plaintiff alleged that the Commission set his next parole

"interview to 5 years, rather than within 2 years, based on the conviction of

sexual battery," among other reasons.  *Id.* at 41.  Five years later, in 2008,

Plaintiff was interviewed again and this time, his PPRD was extended by

96 months based on based on the eight disciplinary reports Plaintiff

received during the interim period.  *Id.*  His new PPRD was set for the year

2034 and his subsequent parole interview was again set for "5 years rather

than within 2 years . . . ."  *Id.* at 41-42.  The last parole interview was in

2013 and, as discussed above, his subsequent parole hearing was set for 7 years in the future.  ECF No. 53 at 20.

This case is controlled by Brown, 335 F.3d at 1261.  Although Plaintiff only learned in September 2013 that his next parole hearing would be scheduled 7 years in the future, he knew as early as 2003 "that his parole reconsideration was being held outside the" two year period that was in place at the time he committed his crimes.  *Id.*  Therefore, Plaintiff's ex post facto claims are time barred and the motion to dismiss, ECF No. 45, should be granted.

Notwithstanding the conclusion that Plaintiff's ex post facto claim is time barred, this claim also fails on the merits.  Another Florida prisoner named Jones also challenged the "gap between parole interviews" which extended his review from 2 years to 7 years.  Jones v. Florida Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).  The district court dismissed the complaint sua sponte "for failure to state a claim on which relief can be granted."  Jones, 787 F.3d at 1106.  The plaintiff appealed, but the Eleventh Circuit affirmed the dismissal, noting that "a pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of

any factual basis."  787 F.3d at 1107.  The Court found that <u>California Dep't of Corrections v. Morales</u>, 514 U.S. 499, 509, 115 S. Ct. 1597, 1603, 131 L. Ed. 2d 588 (1995), and <u>Garner v. Jones</u>, 529 U.S. 244, 120 S. Ct. 1362, 146 L. Ed. 2d 236 (2000), "compel rejection of the claim that the Florida statutory change at issue here is facially unconstitutional."  <u>Jones</u>, 787 F.3d at 1108.  Thus, a prisoner must demonstrate "that the Florida change is unconstitutional as applied to him."  787 F.3d at 1109.  That Mr. Jones "alleged no facts suggesting that an earlier interview would make any difference in his case at all."  787 F.3d at 1109.  This Mr. Jones has not done so either.  Plaintiff's claims are conclusory and based on theories rather than facts.  His PPRD is currently set for 2036, nineteen years in the future, ECF No. 53-1 at 6, and Plaintiff alleges no facts which are sufficient to change his PPRD.[8]  He alleges no facts which demonstrate that his parole prospects would be different if parole were reconsidered every two years.  "[I]n the absence of a showing that an earlier interview would have made a difference, a delayed interview does not violate the Ex Post Facto

---

[8] An inmate "could qualify for a change in his PPRD based on new information, based on institutional conduct, or 'for good cause in exceptional circumstances.'" <u>Jones</u>, 787 F.3d at 1109 (citing  See Fla. Stat. §§ 947.16(4), 947.172(3), 947.173(3) (1978)).

Clause." Jones, 787 F.3d at 1110 (citing Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001)).  The motion to dismiss, ECF No. 45, should be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 45, be **GRANTED** and Plaintiff's fifth amended complaint, ECF No. 41, be **DISMISSED** for failure to state a claim.

**IN CHAMBERS** at Tallahassee, Florida, on January 24, 2018.


 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**